(USAO GAN 6/10) Search Warrant

FILED IN CHAMBERS
U.S.D.C. – Rome

AUG 3 0 2018

JAMES N. HATTEN, Clerk
By: *Kari Buth*

# United States District Court

NORTHERN DISTRICT OF GEORGIA

In the Matter of the Search of

Two cellular telephones and one GPS navigational device seized from Brie Dewitt, now located at 2600 Century Parkway, Ste. 110, Atlanta, Georgia, 30345

APPLICATION AND
AFFIDAVIT FOR
SEARCH WARRANT
Case number: 4:18-MC-47

I, Neeta Sullivan, being duly sworn depose and say:

I am a Special Agent of the Alcohol, Tobacco, Firearms and Explosives and have reason to believe that on the property described as:

Two cellular telephones and one GPS navigational device were seized from Brie Dewitt, now located at 2600 Century Parkway, Ste. 110, Atlanta, Georgia, 30345, described more fully in Attachment A,

in the Northern District of Georgia there is now concealed certain property, certain information, and certain data, namely,

See Attachment B,

which constitutes evidence of a crime and property designed for use, intended for use, or used in committing a crime, concerning violations of Title 18 U.S.C. §§ 1962(d), 922(g), and 1512, and 21 U.S.C. § 846. The facts to support a finding of Probable Cause are as follows:

SEE ATTACHED AFFIDAVIT

Continued on attached sheet made a part hereof.

Sworn to before me, and subscribed in my presence

_____
Signature of Affiant

Neeta Sullivan

August 30, 2018
Date

Rome, Georgia
City and States

WALTER E. JOHNSON
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer
AUSA Jolee Porter

_____
Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Neeta L. Sullivan, Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing the examination of property – electronic devices – which are currently in law enforcement possession, and the extraction from said devices of electronically stored information described in Attachment B.

2. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516.

3. This affidavit is submitted in support of an application for a search warrant for the following **SUBJECT PHONES/DEVICES**, described as follows and more fully in Attachment A:

- Samsung model SM-N9500, serial number R28JB1GH19N, IMEI# 358505085293278, containing Samsung 32GB MicroSD card and Cricket SIM card #89011503277099913755 seized from BRIE ADLER DEWITT, at the Acworth Police Department, Acworth, Georgia 30101 on August 25, 2018.

- Samsung, Model SM-N9500, IMEI 358504080240145, containing Cricket SIM card # 89011503277155389890 seized from BRIE ADLER DEWITT, at the Acworth Police Department, Acworth, Georgia, 30101 on August 25, 2018.

- TomTom GPS Navigational Device, model 4EV52, serial number BM2451F03831 seized from BRIE ADLER DEWITT, at the Acworth Police Department, Acworth, Georgia 30101 on August 25, 2018.

4. The SUBJECT PHONES/DEVICES are currently located at the ATF Atlanta Field Office located at 2600 Century Parkway, Ste. 110, Atlanta, Georgia, 30345 in the Northern District of Georgia.

5. As set forth in greater detail below, there is probable cause to believe that BRIE ADLER DEWITT and her associates are committing violation of Title 18 U.S.C. § 1962(d) (conspiracy to commit racketeering),

and Title 21 U.S.C. § 846 (conspiracy to traffic a controlled substance). Accordingly, there is probable cause to believe that fruits, instrumentalities, and evidence of the above-described violations will be found on the SUBJECT PHONES/DEVICES.

6. I am a Special Agent with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have worked as such since January 1991. I am currently assigned to the Atlanta Field Division Group II Office, which is involved in various facets of ATF's enforcement programs to include firearms violations, narcotics trafficking, arson and explosives violations and other violent crime. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy. Prior to becoming an ATF Special Agent, I was employed by the United States Internal Revenue Service. I also hold a Bachelor of Science degree in accounting from the University of West Georgia.

7. I have personally conducted and/or assisted in investigations of criminal acts involving violations of Title 18, United States Code, Sections 922(g)(1), 924(c), 1962(d) and Title 21 United States Code, Sections 841 and 846.

8. During my law enforcement career I gained experience in debriefing defendants, co-conspirators, and witnesses that have been involved in the unlawful possession and use of firearms, the unlawful purchase or sale of narcotics, and other unlawful acts of arson, possession of explosive devices and other violent crime.

9. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information I obtained from other agents and witnesses, and other law enforcement agencies. Because this affidavit is submitted for the limited purpose of establishing probable cause, I have not included in this affidavit every detail of every aspect of the investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that violations of Title 18 U.S.C. § 1692(d), conspiracy to commit racketeering, Title 18 U.S.C. § 922(g)(1), convicted felon in possession of a firearm, and Title 21 U.S.C. § 846, conspiracy to traffic a controlled substance have been committed, and that a) property that constitutes evidence of the commission of a criminal offense; b) contraband, the fruits of crime, and things otherwise criminally possessed; and c) property designed and intended for use, and which has been used as a means of committing a criminal offense, is located the

SUBJECT PHONES/DEVICES, described in Attachment A of this affidavit. The property to be seized pursuant to this warrant is described in Attachment B to this affidavit.

## STATEMENT OF PROBABLE CAUSE

10. In or about April 2017 through July 2017 BRIE ADLER DEWITT sold approximately one pound of methamphetamine.

11. In early 2018 TIMOTHY WAYNE WILKINS, AKA "DINO" and BRIE ADLER DEWITT possessed with intent to distribute at least two kilograms with intent to distribute.

12. In early 21018 TIMOTHY WAYNE WILKINS AKA "DINO" and BRIE ADLER DEWITT possessed multiple firearms to protect their supply of methamphetamine.

13. On or about June 1, 2018, TIMOTHY WAYNE WILKINS AKA "DINO" and BRIE ADLER DEWITT pointed a gun at CS-1 and questioned whether CS-1 was cooperating with federal law enforcement, then threatened to kill CS-1 and CS-1's family if they found out that CS-1 did in fact cooperate with federal law enforcement.

14. TIMOTHY WAYNE WILKINS and BRIE ADLER DEWITT are both associates of the Ghostface gang and have participated in narcotics trafficking and violent crime in furtherance of their gang activity.

15. On August 21, 2018, a federal grand jury returned a true bill of indictment for TIMOTHY WAYNE WILKINS and BRIE ADLER DEWITT, charging them with violations of Title 18, United States Code section 1962(d), conspiracy to commit racketeering, Title 18, United States Code section 1512, tampering with a witness, and Title 21, United States Code section 846, conspiracy to traffic a controlled substance. Arrest warrants were issued on August 22, 2018.

16. On August 25, 2018, BRIE ADLER DEWITT was arrested by the Acworth Police Department, Acworth, Georgia 30101 at a McDonald's restaurant, located at 5145 Cowan Road, Acworth, Georgia 30101. At the time of her arrest, DEWITT was in possession of two (2) cell phones and a GPS navigational device. Agents seized these three electronic devices as evidence.

## TECHNICAL TERMS

17. Based on my training and experience, I use the following technical terms to convey the following meanings:

    a.    Wireless telephone: A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and

moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the Internet.  Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b.  Internet: The Internet is a global network of computers and other electronic devices that communicate with each other.  Due to the structure of the Internet, connections between devices on the Internet often cross state and international borders, even when the devices communicating with each other are in the same state.

18. Based on my training, experience, and research, I know that the SUBJECT PHONES/DEVICES have capabilities that allow them to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA.  In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

19. Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

20. There is probable cause to believe that things that were once stored on the SUBJECT PHONES/DEVICES may still be stored there, for at least the following reasons:

      a.    Based on my knowledge, training, and experience, I know that computer files or remnants of such files can be recovered months or even years after they have been downloaded onto a storage medium, deleted, or viewed via the Internet. Electronic files downloaded to a storage medium can be stored for years at little or no cost. Even when files have been deleted, they can be recovered months or years later using forensic tools. This is so because when a person "deletes" a file on a computer, the

        data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b.    Therefore, deleted files, or remnants of deleted files, may reside in free space or slack space—that is, in space on the storage medium that is not currently being used by an active file—for long periods of time before they are overwritten. In addition, a computer's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c.    Wholly apart from user-generated files, computer storage media—in particular, computers' internal hard drives—contain electronic evidence of how a computer has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, file system data structures, and virtual memory "swap" or paging

        files. Computer users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

    d.    Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

21. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the Device was used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the Device because:

    a.    Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word

processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence in which they were created.

b.  Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d.  The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes

it is necessary to establish that a particular thing is not present on a storage medium.

22. *Nature of examination.* Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

23. *Manner of execution.* Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

39. Based on the above facts and circumstances, as well as your Affiant's training and experience, your Affiant states that there is now probable cause to believe that the items listed in **Attachment B** and

described herein, constitute evidence of violations of Title 18, United States Code, Sections 1962(d), 922(g)(1), Title 18, United States Code, Section 1512, tampering with a witness, and Title 21 United States Code, Section 846, will be found in the **SUBJECT PHONES,** described in **Attachment A**.